UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON, | No.  2:13-cv-1886 GGH P |
| Petitioner, | |
| v. | ORDER |
| DIRECTOR OF CORRECTIONS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Although petitioner states that he sought review of his 1994 conviction with the California Supreme Court, at page 6 of the petition he concedes that he did not previously present either of the instant claims to any state or federal court. The current claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

Moreover, to the extent that petitioner has filed a previous federal habeas corpus petition, and it appears that he has from the information presented in the petition, see p. 3, his petition would be considered successive, and permission must first be granted by the Ninth Circuit before a second petition may be filed. 28 U.S.C. 2244 (b)(3)(A).

Accordingly, the petition will be dismissed without prejudice.[2]

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in this order, a substantial showing of the denial of a constitutional right has not been made in this case.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

/////

/////

/////

/////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). It appears that the conviction at issue is almost twenty years old.

2

    2.  Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies; and

    3.  This court declines to issue a certificate of appealability.

Dated: October 11, 2013

                                    /s/ Gregory G. Hollows

                            UNITED STATES MAGISTRATE JUDGE

GGH:076/John1886.103